Death Opinion
















IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 73,787






MICHAEL WAYNE HALL, Appellant



v.



THE STATE OF TEXAS





ON REMAND


FROM THE SUPREME COURT OF THE UNITED STATES






 Price, J., filed a concurring opinion, in which Cochran, J., joined.


O P I N I O N




 I agree with the majority that we may consider the habeas record in deciding this
direct appeal on remand from the United States Supreme Court. I also agree that the record
in this case supports the trial court's conclusion in habeas proceedings that the appellant is
not mentally retarded. I write separately to point out that, generally, for the review of a
contested Atkins v. Virginia (1) claim, the trial court will need to hold a live hearing and not
base its decision solely on affidavits submitted by the parties.

 The habeas proceedings in this case of which we took judicial notice were
conducted by affidavit without a live hearing. In this case, the extensive affidavits provide
ample evidence from which the trial court could make its findings that the applicant is not
mentally retarded. But this is a unique case.

 When an applicant's status as a mentally retarded person is contested, a hearing by
affidavit will generally be inadequate. The main reason we defer to a trial judge's findings
is that he is in a better position to determine credibility and determination by seeing and
hearing a witness testify. We often say that because we have only a cold record, reviewing
courts do not have the best vantage point from which to make factual determinations. (2) Live
testimony allows the convicting court to observe a witness's demeanor, which can add
significant information to credibility determinations. Also, opposing counsel may cross-examine witnesses to test the content of a witness's testimony. These valuable aspects of
live testimony are not available in a hearing by affidavit.

 Code of Criminal Procedure Article 11.071, Section 9(a) states the "[t]o resolve the
[previously unresolved] issues [of fact] the [convicting] court may require affidavits,
depositions, interrogatories, and evidentiary hearings and may use personal recollection." 
But, if the convicting court conducts a hearing by affidavit, and the affidavits are inadequate
for us to review the convicting court's findings, we will be forced to remand to the
convicting court for a live hearing, especially if the parties voice objections to the
convicting court's findings. The best course to resolve a contested Atkins claim is to hold
a hearing at which live testimony is received.

 With these comments, I join the majority.


Filed: May 5, 2004.

Publish.
1. 536 U.S. 304 (2002).
2. See Manzi v. State, 88 S.W.3d 240, 254 (Tex. Crim. App. 2002) (Cochran, J., concurring).